UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 08-80535-CIV-HUCK/O'SULLIVAN

NISSIM CORP.,

    Plaintiff,

v.

CLEARPLAY, INC.,

    Defendant.

_____/

### ORDER ON CLEARPLAY'S MOTION FOR SUMMARY JUDGEMENT

This matter is before the Court upon ClearPlay Inc.'s ("ClearPlay") Motion for Summary Judgment (D.E. #23), filed February 9, 2009. On May 28, 2009, the Court entered an order rejecting all but one of ClearPlay's arguments in support of its motion for summary judgment. (D.E. #79). The Court did not decide whether res judicata bars Nissim Corp.'s ("Nissim") claim that ClearPlay's 427 DVD Player (the "427 Player") infringes Nissim's patents by implementing the DVD Specifications, and ordered further briefing on that issue. The Court has reviewed the parties' supplemental briefs on this issue, the replies thereto, and is otherwise duly advised in the premises. The Court finds that res judicata does not bar Nissim's DVD Specification infringement claims. For this reason, and those set forth in the Court's May 28, 2009 Order, ClearPlay's Motion for Summary Judgment is denied.

**I.     BACKGROUND**

In May 2004, Nissim sued ClearPlay for patent infringement, alleging, *inter alia*, that ClearPlay's RCA Model DRC232N DVD Player infringed Nissim's patents (Case No. 04-CV-21140 or the "2004 Case"). The 2004 Case was resolved shortly before trial when the parties entered into a Settlement and License Agreement (the "License Agreement"). On November 30, 2005, the Court dismissed the 2004 Case with prejudice, but retained jurisdiction "solely to enforce the terms of the [License Agreement] entered into between the parties." (2004 Case, D.E. #440).

In June 2007, Nissim filed a Motion to Enforce the Settlement Agreement ("Motion to Enforce") in the 2004 Case, spawning what the parties call the "Enforcement Litigation." (2004 Case, D.E. #442). The Enforcement Litigation involved claims by Nissim that ClearPlay violated the License Agreement by (1) providing deficient royalty reports and (2) releasing a DVD Player (the "007 Player") that coded video scenes improperly and did not "incorporate or contain" "Modified ClearPlay Software." Ultimately, the Court held that ClearPlay had not materially breached the License Agreement. (2004 Case, D.E. #628, #639). Thus, the Enforcement Litigation was brought to a close on March 31, 2009. (*Id.*)

However, before the Enforcement Litigation concluded, Nissim filed its complaint for patent infringement in the instant case (the "2008 Case"). The 2008 Case alleges that ClearPlay's DVD Players, including the 427 Player, infringe Nissim's patents because they "implement the industry-standard digital video disc specifications" (the "DVD Specifications") without a license to do so (the "DVD Specification infringement claims"). (D.E. #36 at 2.) More specifically, Nissim claims that because neither ClearPlay nor its current DVD Player manufacturer has a license to use Nissim's patents to implement the DVD Specifications, the 427 Player, and possibly other players, infringe Nissim's patents.

ClearPlay argues that Nissim was obligated to raise its DVD Specification infringement claims back in June 2007 when Nissim initiated the Enforcement Litigation by filing its Motion to Enforce in the 2004 Case.[1] Thus, ClearPlay contends that Nissim's DVD Specification infringement claims are now barred by res judicata and that ClearPlay is entitled to summary judgment. Nissim, however, argues that its DVD Specification infringement claims are not barred by res judicata because the Court's limited retention of jurisdiction did not permit Nissim to file new claims in the 2004 Case. Nissim also argues it was not required to raise its DVD Specification infringement claims in the 2004 Case or in a collateral action because those claims did not exist when Nissim commenced the 2004 Case in May 2004. Nissim is correct on both counts.

---

[1] ClearPlay suggests Nissim could have brought these claims in June 2007 "by asserting [them] in the Enforcement Litigation or by filing its enforcement claims in a new suit together with its infringement claims." (D.E. #85 at 2.)

**II.     ANALYSIS**

The Court dismissed the 2004 Case with prejudice and retained jurisdiction "*solely* to enforce the terms of the [License Agreement] entered into between the parties." (2004 Case, D.E. #440) (emphasis added). In other words, the Court did not retain jurisdiction to do anything other than "enforce the terms of the [License Agreement]." (*Id.*) Therefore, the Court did not retain jurisdiction to hear Nissim's DVD Specification infringement claims because those claims cannot be resolved by enforcing the terms of the License Agreement. This is because the License Agreement is not the final arbiter of whether Nissim is licensed to implement the DVD Specifications. The License Agreement says only that it does not grant ClearPlay a right to implement the DVD Specifications.[2] The License Agreement does not preclude the possibility that ClearPlay may not infringe Nissim's patents for some other reason. For example, ClearPlay (or its DVD Player manufacturer) may have bargained for a separate license grant, apart from the License Agreement, to use Nissim's patents to implement the DVD Specifications. Alternatively, ClearPlay may have designed around Nissim's patents and therefore not infringe. The bottom line is that the Court cannot resolve Nissim's DVD Specification infringement claims without going beyond its limited commitment to "enforce the terms of the [License Agreement]." (2004 Case, D.E. #440). The Court did not retain jurisdiction to do anything other than "enforce" the terms of the License Agreement. *See generally Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002) ("[I]t is clear that . . . if the district court . . . expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement."). Yet, ClearPlay wants the Court to do more than "enforce" the terms of the parties' agreement. ClearPlay would have the Court's limited retention of jurisdiction function as a black hole that absorbs all foreseeable future claims between the parties. The Court did not retain jurisdiction for that purpose. Nissim's DVD Specification infringement claims go beyond enforcing the terms of the License Agreement and therefore exceed the scope of the Court's limited retention of jurisdiction in the 2004 Case. Thus, had Nissim brought its 2008 DVD

---

[2] *See* May 28, 2009 Order ("The parties bargained for a limited license—one that covers a right to use Nissim's filtering technology but specifically excluded a right to implement Nissim's patented DVD Specifications—and that is precisely what ClearPlay obtained.")

3

Specification infringement claims in the Enforcement Litigation, the Court would not have entertained them.

Moreover, even if the Court had been willing to consider Nissim's DVD Specification infringement claims in conjunction with the Enforcement Litigation, res judicata did not require that Nissim raise those claims when it filed the Motion to Enforce in June 2007. "Res judicata bars the filing of a claim when the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1280 (11th Cir. 2009).

Here, the only issue in dispute is whether the 2008 Case and the Enforcement Litigation involve "the same cause of action." *Id.* A cause of action is considered the same for purposes of res judicata if it arises "out of the same operative nucleus of fact." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998) ("res judicata acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.") However, "res judicata does not bar a claim that was not in existence ***at the time of the original action*** unless the facts underlying the claim were actually raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1299 (11th Cir. 2001) (emphasis added) (rejecting res judicata bar because facts underlying claim did not exist when case commenced and were not raised during litigation); *see also Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992) ("The scope of litigation is framed by the complaint at the time it is filed. The rule that a judgment is conclusive as to every matter that might have been litigated ***does not apply to new rights acquired pending the action*** which might have been, but which were not, required to be litigated.") (emphasis added and internal quotations and citations omitted).

ClearPlay argues the 2008 Case and the Enforcement Litigation are really the same cause of action because both arise out of the same operative nucleus of fact. However, the facts underlying Nissim's DVD Specification infringement claims did not exist when the 2004 Case commenced. This is because the ClearPlay DVD Player at issue in the 2004 Case—RCA Model DRC232N—was manufactured by Thomson, which was licensed to implement the DVD

4

Specifications—unlike the manufacturer of the 427 Player.  (*See* D.E. # 36, Nissim's Resp. in Opp'n to ClearPlay's Mot. for Summ. J. 12.)  In other words, the facts giving rise to the 2004 Case do not provide a basis for Nissim's DVD Specification infringement claims.  Nissim's DVD Specification infringement claims—and the facts giving rise to them—materialized ***after*** Nissim filed its complaint in the 2004 Case.  Thus, the DVD Specification infringement claims are claims "which were not . . . required to be litigated."  *Manning*, 953 F.2d at 1360.  Further, Nissim did not amend or supplement its complaint in the 2004 Case to include claims that ClearPlay was illegally implementing the DVD Specifications.  Accordingly, because the DVD Specifications infringement claims did not exist "at the time the original complaint [was] filed" and were not "actually asserted" in the litigation, they are not barred by res judicata.  *Id.*  Despite ClearPlay's claims to the contrary, there is no requirement "that every claim arising prior to entry of a final decree must be brought into the pending litigation or lost."  *Id.* (internal citations and quotations omitted).  Nissim had no obligation to supplement its claims in the 2004 Case to include its DVD Specification infringement claims, and therefore, those claims are not barred by res judicata.

### III.   CONCLUSION

For these reasons, and those in the Court's May 28, 2009 Order, ClearPlay's Motion for Summary Judgment is DENIED.

DONE and ORDERED in Chambers, Miami, Florida, July 13, 2009.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
All Counsel of Record